993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Saddiqah M. HUSSEIN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 92-1635.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Saddiqah M. Hussein, proceeding without benefit of counsel, appeals from the order of the district court granting summary judgment in favor of the defendant. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking reinstatement and restitution, Hussein brought suit pursuant to Title VII against the Postal Service alleging sex discrimination and sexual harassment. Counsel was appointed to represent her. The matter proceeded to a hearing before the district court where the court heard oral argument and granted defendant's motion for summary judgment. Hussein appealed from that judgment. The district court denied Hussein's motion for a certificate of good faith under 28 U.S.C. § 1915(a), and this court denied Hussein's motion for in forma pauperis status on October 8, 1992. Hussein later paid the filing fee.
 
 
 3
 Upon review of this case, we find no error. Defendant is entitled to a judgment as a matter of law because Hussein failed to establish a prima facie case of sexual discrimination. The burden of establishing discrimination remains at all times with the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). In order to bear the burden of proof, Hussein must first establish a prima facie case of discrimination, and in order to establish a prima facie case, Hussein must prove: (1) she belonged to a protected class; (2) her job performance was satisfactory; (3) she was fired; and (4) after she was fired, the position remained open and the defendant continued to seek applicants from persons with the plaintiff's qualification. Additionally, in a "disparate treatment" discrimination case, the plaintiff must prove that the employer intentionally treated her less favorably than others because of her gender. See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335-36 n. 15 (1977).
 
 
 4
 Hussein did not present any evidence regarding the treatment of similarly situated workers. In short, nothing in the record offers the slightest inference that Hussein was treated less favorably because of her gender.
 
 
 5
 Accordingly, the order and judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.